IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD A. WRIGHT, et al., *Plaintiffs,* v. CARROLL COUNTY BOARD OF EDUCATION, et. al., *Defendants.* | Civil Action No.: 11-cv-3103 |

**MEMORANDUM OPINION**

Plaintiffs Richard A. Wright and Amy M. Wright (the "Wrights"), as parents and next friends of R.W., their minor child, brought suit against multiple defendants with respect to the alleged bullying of their "special needs" son in the fall of 2008, when he was a fifth grade student at Carrolltowne Elementary School ("Carrolltowne") in Sykesville, Maryland.[1] On August 26, 2013, this Court issued a Memorandum Opinion (ECF 52) and Order (ECF 54) denying plaintiff's "Motion to Disqualify" Andrew G. Scott, counsel for the Pessin Katz

---

[1] The defendants are the Carroll County Board of Education (the "Board"); Jennifer A. Seidel, President of the Board; Barbara J. Shreeve, Vice President of the Board; Gary W. Bauer, Cynthia L. Foley, and Virginia R. Harrison, members of the Board; Steven H. Guthrie, Superintendent of the Carroll County Public School System (the "School System"); Curtis T. Schnorr, Director of Elementary Education for the Board; Russell S. Gray, Director of Special Education at Carrolltowne; Terry Ball, Principal of Carrolltowne; Shavon T. Showers, Assistant Principal of Carrolltowne; Michelle Fliegel, R.W.'s teacher at Carrolltowne; Linda Barton, an "instructional specialist" for the Board; a Jane Doe defendant, identified as a speech therapist (collectively, the "Carroll County Defendants"). In addition, plaintiffs sued Rochelle S. Eisenberg, Esq. and Andrew G. Scott, Esq., who served as the Board's legal counsel during the relevant time, and their law firm, Pessin Katz Law, P.A. ("Pessin Katz") (collectively, the "Pessin Katz Defendants").

Defendants, and dismissing the case because the plaintiffs' complaint failed to state a claim upon which relief can be granted.[2]

On September 23, 2013, the Wrights filed a "Motion to Alter and Amend Judgment" ("Motion," ECF 55"). In the Motion, the plaintiffs ask the Court to reconsider its Memorandum Opinion and Order. The Carroll County Defendants filed an "Opposition to Plaintiffs' Motion to Alter or Amend Judgment" on October 9, 2013 (ECF 56), and the Pessin Katz Defendants filed an "Opposition to Plaintiffs' Motion to Alter or Amend Judgment" on October 10, 2013 (ECF 57). The Wrights did not file a Reply. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, ___ U.S. ___, 132 S. Ct. 115 (2011). However, Fed. R. Civ. P. 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Although the federal rules do not specify a standard for granting a Rule 59(e) motion, the Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d, 396 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999); *see Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

The purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pacific*

---

[2] I incorporate herein by reference the factual summary set forth in my Memorandum Opinion (ECF 52).

*Ins.*, 148 F.3d at 403 (citation omitted). However, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (citation omitted). Accordingly, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Relief may not be granted under Rule 59(e) for reasons that a party could have advanced, but chose not to pursue. *See id.*; *Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Moreover, "'[m]ere disagreement does not support a Rule 59(e) motion.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted), *cert. denied*, 538 U.S. 1012 (2003). With respect to the "clear error or manifest injustice" standard, a "factually supported and legally justified" decision does not constitute clear error. *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

Here, the plaintiffs have not identified any intervening change in controlling law or newly discovered evidence. Rather, they appear to argue that the Court's ruling was clearly erroneous or manifestly unjust. In their Motion, the Wrights assert (1) that the Court committed "a clear error of law in granting the Defendants' motion to dismiss for failure to state a claim on the Section 504 retaliation claim"; (2) that the Court's denial of their motion to disqualify Scott as counsel for the Pessin Katz Defendants constituted an "emotional overreaction" that "strains credulity"; and (3) that the Court erroneously dismissed their Second Amended Complaint because "the question of the *extent* of attorney participation in this case is novel." ECF 55-1 at 2–3, 5 (emphasis in original).

The Carroll County Defendants argue in opposition that "it is abundantly clear that the Plaintiffs offer nothing new in their argument." ECF 56 at 2. The Pessin Katz Defendants

concur with the Carroll County Defendants and, in addition, contend that the Court correctly dismissed the plaintiffs' claims against the Pessin Katz Defendants because, as private parties, they cannot "be held liable under Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12131 *et seq.* or under Section 504 of the Rehabilitation Act of 1972, 29 U.S.C. § 794 *et seq.*" ECF 57 at 2–3.

Upon review of plaintiffs' Motion, it contains nothing that persuades me that my prior Memorandum Opinion and Order (ECF 52, 54) were clearly erroneous or manifestly unjust. Rather, the Motion simply asserts that the Court reached incorrect legal conclusions without advancing any arguments in support of these assertions. In my view, and as amplified below, plaintiffs have failed to identify a clear error of law that would warrant reconsideration of the Court's judgment.

*A. Section 504 Retaliation Claim*

The plaintiffs contend that this Court erred in dismissing their retaliation claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. To the extent that plaintiffs assert that the Court erred in dismissing their claim against the Carroll County Defendants, they fail to provide any reason for me to depart from my ruling. *See* ECF 52 at 31. To the extent that plaintiffs assert that the Court erred in dismissing their claim against the Pessin Katz Defendants, they have not provided a legal reason for me to depart from my ruling that the Pessin Katz Defendants cannot be held liable under Section 504 of the Rehabilitation Act.

*B. Plaintiffs' Motion to Disqualify Scott as Counsel for the Pessin Katz Defendants*

Plaintiffs argue that the Court erred in denying their motion to disqualify Scott as counsel for the Pessin Katz Defendants, based on his presence at the IEP meeting. Scott withdrew his appearance as an attorney in this case on September 7, 2012. *See* ECF 39. And, as I previously ruled, plaintiffs' motion to disqualify Scott as counsel for the Pessin Katz Defendants was

untimely because it was filed after the deadline I set for the filing of such a motion. *See* ECF 37. And, it was moot because Scott did not represent the Pessin Katz Defendants at that point. *See* ECF 52 at 11–12.[3] Plaintiffs have not proffered any argument to show that its Motion to Disqualify was timely or not moot. Accordingly, I decline to revisit my ruling to deny the disqualification of Scott as counsel for the Pessin Katz Defendants.

*C. Dismissal of Plaintiffs' Second Amended Complaint*

Plaintiffs' maintain that the Court erred in dismissing their Second Amended Complaint because "there is no other case that presents such a fact pattern, in which a school district attorney effectively succeeded in redirecting the entire energy and attention of the meeting to the question of her right or choice to participate in it." Motion at 5–6. Even assuming that plaintiffs are correct that their claims present a unique set of factual allegations, the uniqueness of a claim's factual allegations is not grounds for denying a motion to dismiss that claim.

**Conclusion**

It is evident that plaintiffs were frustrated by the way in which the Carroll County School System addressed their concerns as to their child. The court is not unsympathetic to their concerns. But, I cannot be swayed by sympathy in addressing the legal issues presented for resolution. Plaintiffs have failed to identify a clear error of law or a manifest injustice to warrant reconsideration of the Court's dismissal of their Second Amended Complaint.

For the reasons stated previously, and for the reasons expressed here, the Court will deny the Motion. A separate Order follows.

Date: February 12, 2014 /s/
Ellen Lipton Hollander
United States District Judge

---

[3] In addition, it is worth noting that, in a telephone conference held on August 28, 2012, counsel for plaintiffs also represented that he intended to file a motion of voluntary dismissal as to Scott. *See* ECF 37.